UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>MANDEL JACKSON,<br><br>               Defendant. | Case No. CR24-164JNW<br><br>**DETENTION ORDER** |

Defendant Mandel Jackson is charged with one count of conspiracy to distribute controlled substances, 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(C); and a forfeiture allegation. The Court held a detention hearing on October 10, 2024, pursuant to 18 U.S.C. § 3142(f)(1), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

(1) The government is entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) as Mr. Jackson is charged with an offense with a drug offense with a maximum sentence of ten years or more and there is a rebuttable presumption that no condition or

DETENTION ORDER - 1

1 combination of conditions will reasonably assure the appearance of the person as required and
2 the safety of the community pursuant to 18 U.S.C. § 3142(e).

3     (2)    The Court received information about defendant's personal history, residence,
4 family and community ties through the Defendant's Detention Memorandum, supplemental
5 pretrial services report and the defendant's argument made through his attorney for release.

6     (3)    While the strong community and family support present an image that shows a
7 great deal of support and love, it is inconsistent with the allegations present in this case, namely
8 that Mr. Jackson is alleged to be heard telling his daughter to "take care of business" in a
9 100,000 fentanyl pill drug deal.

10     (4)    The Court could not ignore that Mr. Jackson's criminal history showed he had
11 previously been convicted within the Western District of Washington for Bank Fraud in 1999
12 and that he violated the conditions of his supervised release. While his supervision ended in
13 2006, and many years of passed since his last interaction with law enforcement in 2011, the
14 alleged storing of drugs and firearms at his residence with the alleged large scale drug deals
15 substantiate the risk of danger to the community. Due to the nature of the offense charged and
16 the weight of the evidence the rebuttable presumption of detention has not been overcome.

17     (5)    Based on these findings, and for the reasons stated on the record, there does not
18 appear to be any condition or combination of conditions that will reasonably assure Mr.
19 Jackson's appearance at future court hearings while addressing the danger to other persons or the
20 community.

21     It is therefore **ORDERED**:

DETENTION ORDER - 2

1      (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)    The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of October, 2024.

*Paula L. McCandlis* (signature)
PAULA L. MCCANDLIS
United States Magistrate Judge

DETENTION ORDER - 3