**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MARQUIS JACKSON, et al.,<br>      Defendants. | NO. CR24-164 JNW<br><br>MOTION TO CONTINUE TRIAL DATE AND EXTEND MOTIONS DEADLINE<br><br>Noting Date: 12/18/2025<br>*without oral argument* |

  COMES NOW MICHAEL AUSTIN STEWART, counsel for Defendant PHILLIP LAMONT ALEXANDER, and moves for a continuance of the trial date, and motions deadline in the above-entitled matter.

  This motion is unopposed by the Government. The motion is joined by several co-defendants, opposed by others, and with some scheduling conflicts, as outlined beginning on page 4, line 14.

  There are multiple Co-Defendants, and their positions on the continuance are listed below.

  Trial is currently set for February 2, 2026, and the motions deadline is set for December 15, 2025. Counsel, based upon input from the Government, is requesting a continuance of trial to November 2, 2026, and motions deadline of July 6th, 2026. Additionally, the parties request to follow the following case schedule:

JOINT MOTION TO CONTINUE TRIAL AND
PRETRIAL MOTIONS DEADLINE - 1

1. Pretrial Motions: 120 days before the trial date, response 21 days later and reply 7 days thereafter.
2. Expert Disclosures: 90 days before the trial date for the government, 60 days before trial for the defense and 30 days before trial for government rebuttal.
3. Voir Dire, Jury Instructions and witness lists per local rules CrR24, CrR30(a) and CrR23.1(4)

The basis for the requested continuance is that counsel needs additional time to prepare for trial and to provide effective assistance of counsel. This is a complex case involving twenty-two total charged defendants. Sixteen defendants remain set for trial. The case involves serious potential penalties. On April 23, 2025, the Grand Jury returned a superseding indictment, which charged all defendants in Count 1 with Conspiracy to Distribute Controlled Substances, which carries a 10-year mandatory minimum sentence. (DKT. 386.)

The Government has informed counsel that an additional set of discovery is in the process of being discovered that will contain an addition 6,107 files involving 8.98 gigabytes of data. Additionally, the Government informed defense that 71 electronic devices were seized as part of the case. Some of those device search returns are being discovered as part of this newest discovery set. An additional 10 phones have been downloaded and are currently being reviewed and an additional 12 phones are still in line to be downloaded, which will create additional discovery. Thus, counsel for defense need additional time to review this new evidence to be able to effectively prepare a defense.

This Court has previously granted two continuances of the trial date. On November 26, 2024, the Court continued the initial trial date to May 5, 2025. (Dkt 265.) On April 4, 2025, the Court continued the May 2025 trial date to the current set trial date of February 2, 2026. (Dkt 367.) Since the last continuance, the Government provided over 15,000 pages of discovery in General Production 5 and has informed defense of the impending Discovery Production 6 as detailed above.

Based on a review of the current discovery in this case, as well as the Government's representation of future discovery, this Court should find that this case is complex and will require a significant amount of time for defense counsel to adequately review the discovery, investigate the case, prepare motions, and prepare for trial. The following attributes contribute to the complexity of the case:

A) The charges in this matter are serious, carrying a potential sentence of life imprisonment with a 10-year mandatory minimum sentence;

B) The discovery is voluminous and will exceed over 100,000 pages of discovery along with multiple electronic devices that contain large amounts of data and meta-data;

C) Review of this voluminous discovery will be a lengthy and time-consuming process that may require the assistance of experts;

D) The case may involve significant pretrial motions and litigation that will require significant time to research and brief;

E) The case involves numerous potential witnesses and involves alleged criminal activity that spanned multiple states;

For these reasons, the moving defendants ask this Court to find the following:

1) Taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel for the defendants the reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)7)(B)(iv)

2) A failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i)

3) The additional time requested is a reasonable period of delay, as the defendants have requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses.;

4) The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

5) The additional time requested between the current trial date and the new trial date is necessary to provide counsel for the defendants reasonable time to prepare for trial considering counsel's schedules and all of the facts set forth above.

The moving defendants stipulate that the Court should exclude the time period from the date of the filing of this motion to the new trial date for purposes of computing the time limitations imposed by the Speedy Trial Act.

Counsel has sought out the position of all other defendant's in this case:

**POSITION OF DEFENDANTS**

1. MARQUIS JACKSON is represented by PAUL CURTIS HENRICKSEN and joins the motion to continue to late 2026, early 2027.

2. MARKELL JACKSON is represented by STEPHAN ILLA and agrees to a continuance, and proposes November 2 or November 9, 2026, as a trial date but not beyond that.

3. MANDEL JACKSON is represented by DARWIN ROBERTS and has no objection to the continuance.

4. EDGAR VALDEZ is represented by SANDY BAGGET and has no objection.

5. KEONDRE JACKSON is represented by DAN FIORITO and has no objection.

6. SIR TERRIQUE MILAM is represented by BRYAN HERSHMAN and agrees to the continuance.

7. TYRELL LEWIS is represented by GIL LEVY and objects to the continuance.

8. ROBERT JOHNSON is represented by PETER CAMIEL and has no objection and prefers November 2026.

9. MATELITA JACKSON is represented by DAVID HAMMERSTAD & BRENNEN JOHNSON has no objection to January 2027 and is also available for trial in fall of 2026.

JOINT MOTION TO CONTINUE TRIAL AND
PRETRIAL MOTIONS DEADLINE - 4

10. MIRACLE PATU-JACKSON is represented by FD ANDY KENNEDY and DENNIS CARROLL and agrees to fall 2026, or early 2027.

11. DIYANA ABRAHA is represented by JENIECE LACROSS & MICHAEL FILIPOVIC does not object and sent proposed case scheduling.

12. ROBERT BELLAIR is represented by CHRISTOPHER ROBERT CARNEY and proposes a date in January 2027. Counsel will be unavailable in November 2026, due to teaching at UW during fall quarter.

13. CHAD CONTI is represented by JEFFREY KRADEL and has no opposition to schedule of dates.

14. TREYVON MITCHELL is represented by MIKE NANCE and objects to any continuance.

15. DEJUAN RANSAW is represented by NICK MARCHI and agrees to a continuance to November 2, 2026.

## DECLARATION OF COUNSEL

MICHAEL AUSTIN STEWART hereby declares, under penalty of perjury pursuant to the laws of the State of Washington, that the following is true and correct to the best of his knowledge:

Counsel adopts the motion as the factual basis for the declaration, and for reasons listed in the motion, the defense requests the Court to make the following findings: (a) taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel for the defense the reasonable time necessary for effective preparation, due to their need for additional time to review the evidence, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. Sec. 3161(h)(7)(B)(iv); (b) a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. Sec. 3161(h)(7)(B)(i); (c)

the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in a speedy trial, as set forth in 18 U.S.C. Sec. 3161(h)(7)(A); and (d) the additional time requested between the current trial date of February 2, 2026, and a date no sooner than November 2, 2026 is necessary to provide counsel for the defense reasonable time to prepare for trial considering their schedules and all of the facts set forth above.

Counsel also asks the Court to exclude the time period from the date of the Court's order to the new trial date for purposes of computing the time limitations imposed by the Speedy Trial Act. 18 U.S.C. Sec. 3161(h)(7)(A).

DATED this 4th day of December, 2025.

<em>/s/ Michael A. Stewart</em><br>
MICHAEL AUSTIN STEWART<br>
WSBA #23981