UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00164-JNW-3 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR TEMPORARY RELEASE |
| v. | |
| MANDEL JACKSON, | |
| Defendant. | |

Mandel Jackson's motion for temporary release to attend funeral comes before the Court. Dkt. No. 866. The Government opposes the motion. Dkt. No. 874.

Having considered the parties' briefing and the record, the Court finds that the loss of a parent is a compelling reason to permit a brief temporary release under the circumstances presented here. Mandel Jackson seeks a private visit to a funeral home under escort by a third-party custodian, with no co-defendants present. The conditions below adequately address any risk of flight or danger to the community during this short release.

ORDER GRANTING DEFENDANT'S MOTION FOR TEMPORARY RELEASE - 1

The Court FINDS that Mr. has shown a "compelling reason" for temporary release from custody under 18 U.S.C. § 3142(i), and/or an "exceptional reason" under 18 U.S.C. §§ 3145(b) and (c), why his "detention would not be appropriate" during that specific time.

Accordingly, the Court GRANTS the motion, Dkt. No. 866, and ORDERS that Mandel Jackson be temporarily released on the following conditions:

1. Mr. Jackson shall be released from the Federal Detention Center, SeaTac, February 27, 2026, at 11:00 a.m. to the custody of Pastor Kevin Black. Pretrial Services shall coordinate Mr. Jackson's release with the U.S. Marshals.

2. Mr. Jackson shall return to the custody of the Federal Detention Center, SeaTac, February 27, 2026, no later than 3:00 p.m.

3. Release on third-party custody to: Pastor Kevin Black.

4. Mr. Jackson shall either be in transit between or stationary at Serenity Funeral Hone on February 27, 2026, or the Federal Detention Center, and at all times be accompanied by Pastor Kevin Black. No additional stops are permitted.

5. Mr. Jackson must not use, consume, or possess any controlled substances or alcohol, including medication, unless prescribed by a licensed and duly qualified physician.

6. Mr. Jackson is prohibited from possessing or having access to firearms and dangerous weapons. All firearms and dangerous weapons must be removed from residence(s), vehicle(s), and place of employment. This

**ORDER** GRANTING DEFENDANT'S MOTION FOR TEMPORARY RELEASE - 2

condition operates alongside any restrictions imposed under 18 U.S.C. § 922, and Washington State Revised Code, Chapter 9.41.

7. Mr. Jackson shall not have direct contact or indirect contact with any existing and/or future codefendant(s) in this case.

8. Mr. Jackson shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.

Dated this 25th day of February, 2026.

Jamal N. Whitehead
United States District Judge

**ORDER** GRANTING DEFENDANT'S MOTION FOR TEMPORARY RELEASE - 3